IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

                                                                        PLAINTIFF

CHRIS LEE HUFFMAN
(Prisoner # 77689)
v.                              Civil No. 6:14-cv-06145


SHERIFF LARRY SANDERS and
NURSE REEVES
                                                                        DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff, Chris Lee Huffman, pursuant to 42 U.S.C.

§ 1983. According to Plaintiff's address of record he is not currently incarcerated.  Pursuant to the

provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States

District Judge, referred this case to the undersigned for the purpose of making a report and

recommendation.

Currently before the Court is Plaintiff's failure to comply with a Court order and failure to

prosecute this matter.  After careful consideration, the undersigned makes the following Report and

Recommendation.

1.      **BACKGROUND**

Plaintiff filed his Complaint on December 15, 2014.  ECF No. 1. In his Complaint, Plaintiff

claims Defendants violated his constitutional rights when they overcrowded the cells and required

prisoners to sleep on mats on the floor. Plaintiff alleges he tripped over another prisoner and re-

fractured a previously broken arm. He further alleges that no medical attention is provided. ECF

No. 1. At the time he filed his Complaint, Plaintiff was incarcerated in the Garland County Jail

("GCJ"). ECF No. 1, p. 4.

On January 5, 2015, the Court received mail sent to Plaintiff at the GCJ returned as

undeliverable and marked as "unable to forward."  In response to this returned mail, the Court

conducted a search and determined that Plaintiff had not been transferred to the Arkansas

Department of Corrections.  Accordingly, on January 28, 2015, the Court changed Plaintiff's

address of record to the home address he provided to the GCJ when he was booked, and the

correspondence was mailed to him at that address.  ECF No. 5.  Mail sent to this address was also

returned as undeliverable.

In the Court's initial filing Order, Plaintiff was advised that he was required to immediately

inform the Court of any change of address and failure to do so would subject this matter to

dismissal.  ECF No. 3.  In the Court's Order changing Plaintiff's address, Plaintiff was reminded

that it is his obligation to keep the Court informed of his current address and failure to do so would

subject this matter to dismissal.  ECF No. 5.

2.      **APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from

complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk
> and the other parties to the proceedings of any change in his or her address, to
> monitor the progress of the case, and to prosecute or defend the action diligently .
> . . If any communication from the Court to a *pro se* plaintiff is not responded to
> within thirty (30) days, the case may be dismissed without prejudice.  Any party
> proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules

of Civil Procedure.

The Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and it is only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily."  *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

## 3.      DISCUSSION

Plaintiff has failed to comply with the Court's initial filing Order by failing to keep the Court informed of his current address.  Further, Plaintiff has completely failed to prosecute this matter.  Plaintiff has done nothing past filing his Complaint and *in forma pauperis* application. Plaintiff filed these documents in December of 2014, and he has not communicated with the Court since.  ECF No's 1, 2.

While Plaintiff has failed to comply with at least one Court order and failed to prosecute this matter, the undersigned does not find a clear record of delay or contumacious conduct.

Accordingly, pursuant to Federal Rule of Civil Procedure 41(b), the undersigned recommends that

Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local

Rules and Orders and failure to prosecute this case.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P.

41(b).

## 4.      CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's Complaint (ECF No. 1.) be

**DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal

Rules of Civil Procedure and Local Rules and has failed to prosecute this matter.

**The Plaintiff has fourteen (14) days from receipt of the Report and Recommendation**

**in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file**

**timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff**

**is  reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

**IT IS SO ORDERED this 30th day of March 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE